PAUL G. DECKER, Respondent, *v.* JOHN E. O'BRIEN, Appellant, Impleaded with DAVID MILLER.

*Mechanic's lien — evidence of the architect's refusal to give a certificate — proper form of the judgment.*

Upon the trial of an action brought to foreclose a mechanic's lien, it appeared that the plaintiff was employed under a written contract to do certain plumbing work under certain specifications and that the contract contained a clause making an architect's certificate a condition precedent to full payment. The answer set up a failure to perform according to the specifications and a counterclaim.

*Held,* that the plaintiff was entitled to give testimony by a witness, other than himself, which tended to show that the architect had refused to give his certificate, as such testimony would excuse the plaintiff from producing the certificate;

That the plaintiff was entitled to a judgment which directed that the premises should be first resorted to in payment of the claim, and that, in case of a deficiency, he should have execution against the defendant for its amount.

APPEAL by the defendant, John E. O'Brien, from a judgment of the Court of Common Pleas for the city and county of New York, entered in the office of the clerk of said court on the 19th day of June, 1895, upon the report of the referee.

*Matthew Daly,* for the appellant.

*Jeroloman & Arrowsmith,* for the respondent.

PATTERSON, J.:

This is an action to foreclose a mechanic's lien filed against certain premises in the city of New York, of which the defendant John E. O'Brien was the owner. The plaintiff was employed under a written contract to do certain plumbing work in the said premises and to furnish the materials therefor; the whole stipulated price being $3,740. The lien also includes an item of twenty-eight dollars for extra work. It appears by the report of the referee before whom the case was tried that $2,000 was paid by the defendant O'Brien on account of the contract price, leaving the balance claimed of $1,768. The answer of the defendant sets forth substantially that the contract was not performed in accordance with the requirements of certain specifications which are to be taken as forming part of the contract, and that there was a failure of the plaintiff to perform his contract in a good, substantial and workmanlike manner; and a counterclaim is set up for damage alleged to have resulted from the non-performance of the contract by the plaintiff in the sum of $1,882. The referee allowed on the counterclaim the sum of $125.50, thus reducing the plaintiff's claim to $1,642.50, for which judgment was directed.

The appeal brings up for review, in the first place, a ruling of the referee with respect to the admission in evidence of what purported to be specifications of the contract referred to. These specifications were necessary in order to show what was required to

be done by the plaintiff. They were admitted in evidence and it was shown that they were the specifications originally made with certain changes, all of which appear to have been made by the defendant. When they were offered in evidence, the referee stated that if any objection to their correctness were to be made, he would then hear it; and if none were made, the paper would be marked in evidence. It does not appear that any objection was made, but an exception seems to be recorded to the ruling of the referee. There being no ground of objection stated, and nothing appearing upon the record from which the court could infer that the referee was in error in accepting the paper in evidence, it is unnecessary to make further reference to this topic.

It is claimed by the appellant that the proof does not establish that the plaintiff substantially performed the contract; and we are asked to examine 1,000 folios or more of testimony and a number of exhibits, to extract evidence of seemingly inconsiderable omissions and defects in the work which was done by the plaintiff. There is no certificate in the case that the record contains all the evidence that was submitted to the referee. We have, however, looked into it sufficiently to ascertain that on all of the matters of alleged defects specified in the fourth point of the appellant's brief, there was conflicting evidence and the determination of the referee respecting what was established by that evidence we are not called upon now to interfere with. So far as the details of the work were concerned, we see no reason to differ with the referee in the conclusion that there was a substantial compliance with the contract.

It appears by the record that upon the trial a witness (Arrowsmith) was allowed to give testimony of a conversation had between himself and one Marshall, respecting the absence of a certificate of the architects that the work was properly done, such a certificate being mentioned in the contract as a condition precedent to the payment of the full amount. The objection and exception to this evidence seem to have been taken after the testimony was all given, and, from all that appears, it may have been upon that ground that the referee overruled the objection. But what was said was competent evidence of a refusal of the architects to give the certificate required by the contract, and furnish an excuse to the plaintiff for its non-production.

We do not find anything in the other exceptions to the ruling of the referee, nor to his findings, of sufficient gravity to disturb the conclusion at which he has arrived. On the evidence what the referee has allowed on the counterclaim seems to be ample.

Concerning the form of the judgment to which defendant states an objection, it is true that it directs that the plaintiff recover of the defendant the whole amount adjudged to be due; but it also provides for the sale of the premises and that if there be any deficiency remaining on the sale, that the amount thereof be specified in the report of the referee, and that the plaintiff recover of the defendant the amount of the deficiency so remaining and have execution therefor. There is nothing in this judgment from which it could be inferred that execution was to be issued against the property of the defendant for the whole amount of the lien. The true interpretation is that the premises are first to be resorted to, and that plaintiff have execution against the property for deficiency in case the full amount is not realized from a sale of the premises.

On the whole case, we are of opinion that the judgment should be affirmed, with costs.

Van Brunt, P. J., Barrett, Williams and O'Brien, JJ., concurred.

Judgment affirmed, with costs.